UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRIAN HALL,

          Plaintiff,

v.

DIANE BUSCHLE,

          Defendant.

CIVIL ACTION NO.
1:22-cv-3760-JPB

## ORDER

This matter comes before the Court on Diane Buschle's ("Defendant")

Motion to Transfer Venue to the Middle District of Florida Pursuant to 28 U.S.C. §

1404 [Doc. 9].  This Court finds as follows:

## BACKGROUND

This case arises from a motor vehicle collision in Henry County, Georgia.

Brian Hall ("Plaintiff") alleges that Defendant collided with the rear of his vehicle

near exit 226 on I-75.  [Doc. 1-1, p. 4].  Plaintiff asserts that he suffered substantial

injuries as a result of this collision.  Id. at 5.

On August 25, 2022, Plaintiff brought an action for negligence and

negligence *per se* in the State Court of Henry County.  Id.  Defendant removed the

case to this Court on the basis of diversity jurisdiction on September 19, 2022.

[Doc. 1].  At the time of removal, Plaintiff was a South Carolina resident,[1] and Defendant was a Florida resident.  Id. at 2.

On October 28, 2022, Defendant filed a Motion to Transfer Venue, asking this Court to transfer the case to the Middle District of Florida pursuant to 28 U.S.C. § 1404.  [Doc. 9].  Plaintiff opposes transfer.  See [Doc. 10].

## LEGAL STANDARD

Under § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" to serve "the convenience of parties and witnesses" and "the interest of justice."  Determining whether transfer is appropriate under § 1404(a) calls for a two-part inquiry.  Collegiate Licensing Co. v. Am. Cas. Co. of Reading, 842 F. Supp. 2d 1360, 1366 (N.D. Ga. 2012).  First, the Court must determine whether the plaintiff could have brought the action in the transferee venue.  Id.  Second, the Court must balance private and public interests.  Id.  The second step requires the Court to consider the following factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's

---

[1] In his deposition, Plaintiff testified that he has since moved to St. Petersburg, Florida. See [Doc. 15-2, p. 9].

choice of forum; and (9) trial efficiency and the interests of
justice, based on the totality of the circumstances.

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

Because "[t]he federal courts traditionally have accorded a plaintiff's choice
of forum considerable deference," the party seeking transfer bears the burden "to
establish that the suggested forum is more convenient." In re Ricoh Corp., 870
F.2d 570, 573 (11th Cir. 1989). Transferring a case under § 1404(a) is a decision
that is "left to the sound discretion of the district court." Roofing & Sheet Metal
Servs., Inc. v. La Quinta Motor Inns, Inc., 689 F.2d 982, 985 (11th Cir. 1982).

## ANALYSIS

The Court will consider below (1) whether this action could have been
brought in the Middle District of Florida and, if so, (2) whether the factors
enumerated above support a transfer of venue.

## 1.    Whether the Middle District of Florida Would Be a Proper Venue

Under 28 U.S.C. § 1391(b)(1), "[a] civil action may be brought in . . . a
judicial district in which any defendant resides." Defendant is a resident of Fort
Myers, Florida, which is located in the Middle District of Florida. Accordingly,
the Middle District of Florida would be a proper venue for this action. The first
part of the two-part inquiry for a transfer of venue is therefore satisfied.

### 2.      Whether Transfer Is Warranted

The Court must now consider nine factors "to determine the propriety of transfer."[2] Internap Corp. v. Noction Inc., 114 F. Supp. 3d 1336, 1339 (N.D. Ga. 2015).  Importantly, "[i]n a motion to transfer under § 1404(a), the burden is on Defendant . . . to show that the balance of conveniences weighs in favor of the transfer."  Weintraub v. Advanced Corr. Healthcare, Inc., 161 F. Supp. 3d 1272, 1280 (N.D. Ga. 2015).

The first factor is the convenience of witnesses.  The Court weighs this factor differently depending on whether a witness is a party or non-party.  Because party witnesses "are presumed to be willing to testify in either forum despite inconvenience," their location "is afforded little weight."  Rigby v. Flue-Cured Tobacco Co-op. Stablization Corp., No. 7:05-CV-122, 2006 WL 1312412, at *4 (M.D. Ga. May 11, 2006).  The location of key non-party witnesses, on the other hand, is "the critical determination under this factor."  Nam v. U.S. Xpress, Inc., No. 1:10-CV-3924, 2011 WL 1598835, at *7 (N.D. Ga. Apr. 27, 2011).  Unlike

---

[2] The Court notes that neither party in this case cited binding precedent on this issue. Defendant relied on a case from the United States District Court for the District of Columbia, see [Doc. 9, p. 4] (citing Greater Yellowstone Coal. v. Bosworth, 180 F. Supp. 2d 124, 127 (D.D.C. 2001)), while Plaintiff relied on procedural provisions from the Georgia code that are inapplicable to a case in federal court, see [Doc. 10, pp. 1–2] (citing O.C.G.A. § 9-10-31.1).

party witnesses, non-party witnesses "may be unwilling to testify, and the district in which the case is tried has a direct effect on whether parties can compel non-party witnesses to testify." Rigby, 2006 WL 1312412, at *4.

The non-party witnesses in this case include Plaintiff's medical providers and a law enforcement officer who responded to the scene of the collision. It appears that Plaintiff received medical treatment at five locations in Florida, two in South Carolina and two in Georgia. See [Doc. 9, p. 2]. Evidently, at least some witnesses on the issue of Plaintiff's damages are located in Florida, for whom litigation in this district would be less convenient than litigation in the Middle District of Florida. However, the responding law enforcement officer whose testimony will bear on the issue of liability is located in Georgia. See id.; see also Nam, 2011 WL 1598835, at *8 (finding that non-party witnesses with knowledge of liability in a car accident included "the first responders to the collision"). Importantly, "[w]hen considering a transfer of venue, the key witnesses are those which have information regarding the liability of Defendant. Damage witnesses are accorded less weight due to the fact that without liability, there are no damages to recover." Ramsey v. Fox News Network, LLC, 323 F. Supp. 2d 1352, 1357 (N.D. Ga. 2004) (citation omitted). While Plaintiff and Defendant would be key witnesses on the issue of liability, their locations merit less consideration under this

factor because they are parties to this action.  <u>Rigby</u>, 2006 WL 1312412, at *4.  For the reasons set forth above, the first factor weighs against transfer.

The second factor is the location of relevant documents and the relative ease of access to sources of proof.  Defendant contends that the majority of Plaintiff's medical records are located in the Middle District of Florida, while Plaintiff responds that medical records are routinely obtained from out-of-state providers in personal injury actions.  Plaintiff is correct that "the significance of this factor is reduced because technological advancements in electronic document imaging and retrieval minimize the burden of document production."  <u>Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier Media, Inc.</u>, 761 F. Supp. 2d 1322, 1327 (M.D. Fla. 2010).  While transferring this case may make accessing certain documents more convenient for Defendant, who is located in Florida (along with some of Plaintiff's medical providers), "[t]ransfer should be denied if it would merely shift inconvenience from one party to another."  <u>Moore v. McKibbon Bros.</u>, 41 F. Supp. 2d 1350, 1356 (N.D. Ga. 1998).  The location of relevant documents and ease of access to those documents thus do not support transferring this case.

The third factor is the convenience of the parties.  Both Plaintiff and Defendant seem to now be residents of Florida.  Nonetheless, Plaintiff asserts that

transfer "would inconvenience and prejudice him." [Doc. 10, p. 2]. As such, this factor neither weighs for or against transfer.

The fourth factor is the locus of operative facts, which "refers to the specific actions or omissions that gave rise to the cause of action." Watson v. Cmty. Educ. Ctrs., Inc., No. 2:10-CV-00778-36, 2011 WL 3516150, at *5 (M.D. Fla. Aug. 11, 2011). Plaintiff's claims arise from a motor vehicle collision that occurred entirely within Georgia and entirely within this judicial district. Consequently, this factor weighs against transfer.

The fifth factor is the availability of process to compel the attendance of unwilling witnesses. The Court's "ability to use compulsory process to obtain live testimony of key witnesses, as well as the cost and convenience of producing them for trial, is an important factor in determining whether a transfer of venue is warranted." Nam, 2011 WL 1598835, at *10. Defendant argues that some witnesses in this case may fall outside the Court's subpoena power. The Court recognizes the preference "of live testimony over other means of presenting evidence" and that "the district in which the case is tried has a direct effect on whether parties can compel non-party witnesses to testify." Weintraub, 161 F. Supp. 3d at 1280. If this case were transferred to Florida, certain witnesses—such as the responding law enforcement officer and Plaintiff's Georgia and South

Carolina medical providers—would likely fall outside the subpoena power of the transferee court.  See Fed. R. Civ. P. 45(c)(1) (setting geographical limits on subpoenas to testify at a deposition or at trial).  On the other hand, if this case remains in Georgia, Plaintiff's medical providers in Florida and South Carolina would likely fall outside this Court's subpoena power, but other witnesses—the law enforcement officer and at least one of Plaintiff's Georgia medical providers— would not.  Because these witnesses are "scattered," the availability of process to compel their testimony "is not determinative."  Weintraub, 161 F. Supp. 3d at 1282.

The sixth factor is the relative means of the parties.  It is Defendant's burden to show that these factors support transfer, yet Defendant offered no argument on this point.  Accordingly, because Defendant failed to carry her burden on this factor, the Court finds that the relative means of the parties weighs against transfer.

The seventh factor is the forum's familiarity with the governing law. Plaintiff brings claims under Georgia law for negligence and negligence *per se*. "Generally, courts sitting in the state whose substantive law applies are favored in determining whether a case should be transferred."  Rigby, 2006 WL 1312412, at *5; see also Van Dusen v. Barrack, 376 U.S. 612, 645 (1964) (recognizing "'an appropriateness . . . in having the trial of a diversity case in a forum that is at home

with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself'" (quoting <u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 501, 509 (1947))).  Because this Court sits in Georgia and routinely applies Georgia law, this factor weighs against transferring this matter to a Florida court.

The eighth factor is the weight accorded to a plaintiff's choice of forum. "Generally, the plaintiff's choice of forum is given great deference when considering a motion to transfer, and this is especially true where the operative facts giving rise to the action occurred in the chosen forum."  <u>Weintraub</u>, 161 F. Supp. 3d at 1284.  That choice "may be entitled to less weight when none of the parties reside in the chosen forum."  <u>Id.</u>  Neither Plaintiff nor Defendant reside in Georgia, suggesting that Plaintiff's choice of a Georgia forum merits less deference.  However, the operative facts giving rise to this action indisputably occurred in Georgia.  The Court thus accords some deference to Plaintiff's choice of forum and concludes that this factor weighs slightly against transfer.

The final factor encompasses considerations of trial efficiency and the interests of justice.  The Court may consider several criteria as part of this inquiry, including "access to evidence, availability of witnesses, the cost of obtaining witnesses, the possibility of a jury view, 'and all other practical problems that

make trial of a case easy, expeditious and inexpensive.'" Moore, 41 F. Supp. 2d at

1357 (quoting Gulf Oil Corp., 330 U.S. at 508).  Having considered many of these

criteria in the foregoing analysis, the Court believes that the interests of justice and

efficiency are best served by keeping this case in the Northern District of Georgia.

The Court is not convinced by Defendant's arguments to the contrary.  First,

Defendant argues that this Court should transfer the case to the Middle District of

Florida because that district enjoys a less congested docket.  According to

Defendant, the Northern District of Georgia has 9,140 cases compared to 8,194 in

the Middle District of Florida.  [Doc. 9, p. 7].  Docket congestion "may be an

appropriate consideration in a § 1404 motion to transfer," but "case law does not

suggest that docket congestion, by itself, [is] a dispositive factor."  P & S Bus.

Machs., Inc. v. Canon USA, Inc., 331 F.3d 804, 808 (11th Cir. 2003).  Importantly,

if both districts have busy dockets—as they do here—this factor does not

substantially weigh in favor of transfer.  E.g., Thermal Techs., Inc. v. Dade Serv.

Corp., 282 F. Supp. 2d 1373, 1378 (S.D. Fla. 2003) ("[A]s both the Southern

District and the Middle District have very busy dockets, this factor does not

significantly favor moving the trial.").  The minor difference in docket congestion

between the Northern District of Georgia and the Middle District of Florida does

not change this Court's analysis.

Second, Defendant argues that the respective locations of trial counsel favor transfer. Defense counsel has offices in Tampa, Florida, and according to Defendant, Plaintiff's counsel "has an Atlanta business address" but has "offices all over Georgia and Florida, including in Tampa, Florida." [Doc. 9, p. 7]. Transferring the case on this basis would simply shift inconvenience from Defendant's counsel to Plaintiff's counsel, which is not permitted. Moore, 41 F. Supp. 2d at 1356; see also Bell v. K Mart Corp., 848 F. Supp. 996, 999 (N.D. Ga. 1994) ("It is well established that 'the fact that counsel may be inconvenienced is [almost] irrelevant to whether the motion for transfer should be granted.'" (alteration in original) (quoting Prather v. Raymond Constr. Co., 570 F. Supp. 278, 284 (N.D. Ga. 1983))). Defendant's arguments are therefore unpersuasive.

In sum, factors one, two, four, six, seven and nine weigh against transfer; factor eight, slightly against; and factors three and five are neutral. The Court thus declines to transfer this case to the Middle District of Florida.

## CONCLUSION

For the reasons set forth above, the Motion to Transfer Venue [Doc. 9] is

**DENIED**.

**SO ORDERED** this 25th day of May, 2023.

J. P. BOULEE
United States District Judge